Argued March 1, affirmed March 19, 1918.

## CHURCHILL *v.* MEADE.

(171 Pac. 565.)

**Mortgages—Foreclosure—Default—Covenant—Prior Encumbrance.**

1. Where a mortgage provided that the mortgagors should reduce a prior encumbrance, and that failure to perform any agreement should authorize immediate foreclosure, the act of one of the mortgagors in procuring a receipt from the administrator of the estate which owned the prior encumbrance, but paying no money therefor, and without exhibiting the receipt to either the mortgagee or his assignee, was not such performance as to prevent foreclosure.

**Mortgages—Foreclosure—Default—Covenant—Prior Encumbrance.**

2. Where mortgagors covenanted with their mortgagee to pay principal and interest on a prior mortgage, in favor of the state land board, and to furnish the mortgagee evidence thereof, and agreed that any breach should give the right of immediate foreclosure, the indulgence of the state land board in not foreclosing does not avoid the effect of their breach of covenant to pay such mortgage.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 1. This is a suit to foreclose what is admitted to be a purchase money mortgage dated Feb-

ruary 10, 1915, given by the defendants to the assignor of plaintiff and securing a note of that date for $17,000, upon land partly in Tillamook County and partly in Multnomah County. It is stated in the mortgage that the realty in Tillamook County

"is encumbered by a mortgage of One Thousand Dollars; said Meades agree to pay principal and interest thereon as provided therein and furnish Beals (original mortgagee) evidence thereof."

The realty in Multnomah County was encumbered by a mortgage calling for $1,750, concerning which the instrument here involved provided that,

"Said mortgagors do hereby agree to keep up the payments of interest on said Seventeen Hundred and Fifty Dollars and furnish said mortgagee evidence of said payments of interest"; and "said Meades agree to reduce said mortgage to $1600 within one year from this date."

It was also stipulated therein; "This indenture is further conditioned upon the faithful observance by the mortgagor of the foregoing conditions."

Lastly, there appears also the following condition:

"Now, therefore, if the said mortgagors shall pay said promissory note and shall fully satisfy and comply with the covenants hereinbefore set forth, then this conveyance shall be void, but otherwise to remain in full force and virtue as a mortgage to secure the payment of said promissory note in accordance with the terms thereof, and the performance of the covenants and agreements herein contained; it being agreed that any failure to make any of the payments provided for in said note or this mortgage when the same shall become due or payable, or to perform any agreement herein contained, shall give to the mortgagee the option to declare the whole amount due on said note, or unpaid thereon or on this mortgage, at once due and payable and this mortgage by reason thereof may be foreclosed at any time thereafter."

The execution and delivery of the note and mortgage sued upon are admitted. The defendants deny the allegations imputing to them a breach of their covenants. They recite the history of their original purchase of the land involved; the giving of a former mortgage thereon; the institution by the then mortgagee of a suit to foreclose; the answer setting up their contention that they had been induced to purchase the realty by reason of fraudulent representations concerning the quantity of bottom land in the tract; and their compromise and settlement of that litigation, the terms of which included the giving of the present mortgage resulting in the dismissal of the suit and cancellation of the first mortgage. They claim that the mortgage for $1,000 on the Tillamook property is one in favor of the state land board and that neither the principal nor the interest thereof is due. They say they have reduced the mortgage on the Multnomah County property to $1,600 as they agreed. They further contend that the taxes for 1915 were not yet due under the terms of their mortgage and those of 1913 were already paid by Beals, as stated by him when the compromise agreement was entered into. The material matters in the answer are traversed by the reply. The Circuit Court heard the testimony and entered a decree foreclosing the mortgage and the defendants appeal.

AFFIRMED.    No Costs to Either Party.

For appellants there was a brief with oral arguments by *Mr. Sidney S. Johnson* and *Mr. Schuyler C. Spencer*.

For respondent there was a brief over the names of *Mr. H. T. Botts* and *Mr. Webster Holmes*, with an oral argument by *Mr. Botts*.

BURNETT, J.—1. The plaintiff assigns as violations of the mortgage and upon which he bases his right

to foreclose, that the defendants have neither paid the mortgage of $1,000 to the state land board encumbering the land, nor the interest thereon, nor have they reduced the Multnomah County mortgage to $1,600, and moreover they have not furnished to the mortgagee or the plaintiff any evidence of doing either of those things they were required to do. The third and fourth assignments relate to the failure of the defendants to pay the taxes for the years 1913 and 1915. It is unnecessary to consider more of these assignments than the first two. The only showing made by the defendants about the reduction of the Multnomah County mortgage is in substance as follows: The defendant, Minnie A. Meade, testified that on August 5, 1916, being more than one year after the date of the mortgage in suit, she applied to John R. Turner who signed himself "Administrator, C. W. Miller Estate," and procured from him a receipt for "$290, Act. Interest due 1915 and $150.00 Principal on $1750 notes." The defendants do not pretend that she ever exhibited this receipt to either the mortgagee or the plaintiff. Besides this, the record shows that it appeared for the first time at the trial. Moreover, she testified that she did not pay any money, nor give any note or check for the amount represented in the receipt. She does not claim that either the plaintiff or the original mortgagee had any knowledge of such an arrangement or consented that it should operate as a reduction of the mortgage. The defendants argue that anything which parties agree to may be considered as payments; but that principle, while possibly true as to the immediate parties to such a scheme, does not affect those concerned in the present litigation. They are the ones who are interested in the observance of the conditions of the mortgage under consideration here. As against the plaintiff nothing has been shown which would prevent the collection of the

full amount of the Multnomah mortgage for it is clear that nothing was actually paid thereon.

2. The mortgage to the state land board was given to secure a note dated September 4, 1906, due one year after date with interest at six per cent per annum, payable semi-annually on the first day of January and the first day of July in each year thereafter. The defendants have paid no more than the interest and they seek to charge upon the plaintiff the indulgence of the state land board in not foreclosing the mortgage so as to avoid the effect of their covenant to pay the same, and they do not plead that any new agreement was made between themselves and the plaintiff or the original mortgagee to that end. The note and mortgage to the state land board are clearly due according to their terms and in the absence of any further contract between the present parties it was incumbent upon the defendants at once to pay that debt. Confessedly they have not done this.

Each of these defaults constitutes a breach of the covenants of their mortgage and by its terms the holder thereof is entitled to foreclose the same for the full amount due upon the note and their agreements set out therein. These are the cold terms of the mortgage which they admit they made, but which the court cannot unmake for them. A great deal of rancor is manifest in the pleadings and a very large part of the testimony is taken up in the rehearsal of the altercations of the parties, but all that cannot affect the law of the case. It is unnecessary to consider other reasons urged in support of the foreclosure. It is sufficient to say that the decree of the Circuit Court is affirmed with this modification that neither party shall be allowed to recover costs or disbursements from the other.

AFFIRMED.   NEITHER PARTY RECOVER COSTS.

McBride, C. J., Benson and Harris, JJ., concur.