DEHOOG, P.J.
*1117 *527 In this judicial foreclosure action, defendant appeals an award of summary judgment to plaintiff and raises two assignments of error. In his first assignment, defendant argues that the trial court erred in denying his motion to strike the assertion, set forth in a declaration submitted by plaintiff, that plaintiff had possession of defendant's promissory note at the time that it commenced its foreclosure action. Defendant argues that the challenged assertion was inadmissible, because it was not based on the declarant's personal knowledge and because it was hearsay. Defendant further asserts that, without the inadmissible portion of its declaration, plaintiff could not establish its standing to enforce defendant's promissory note and, therefore, was not entitled to judgment as a matter of law. In his second assignment of error, defendant argues that factual disputes regarding the validity of the note's indorsement and plaintiff's corresponding entitlement to enforce the note precluded summary judgment. For the reasons that follow, we agree with defendant's contention that a portion of the declaration consists of inadmissible hearsay and that, without that inadmissible evidence, the record does not establish that plaintiff was entitled to judgment as a matter of law. Accordingly, we reverse and remand.[1]
The facts material to defendant's appeal are largely procedural and undisputed. In 2005, defendant borrowed funds from BNC Mortgage, Inc. (BNC) to finance the purchase of a home. Defendant executed a promissory note payable to BNC and secured by a trust deed on the home. Defendant subsequently defaulted on the loan, giving rise to this foreclosure action. In 2009, following defendant's default, BNC assigned the trust deed and promissory note to plaintiff, a mortgage-backed trust, and recorded that assignment.
Plaintiff filed the present action in 2013. Shortly thereafter, plaintiff moved for summary judgment on its foreclosure claim. See ORCP 47.[2]
*528 To prevail on its foreclosure claim, plaintiff must show that the trust deed securing defendant's promissory note authorizes the remedy of foreclosure upon default; that defendant is in default under the terms of the loan; and that defendant failed to cure the default despite having had an opportunity to do so. Churchill v. Meade , 88 Or. 120, 124, 171 P. 565 (1918) (stating those requirements for mortgage foreclosure); Deutsche Bank Trust Co. Americas v. Walmsley , 277 Or. App. 690, 695, 374 P.3d 937 (2016) (a trust deed securing the sale of property may be judicially foreclosed in the same manner as a mortgage). Central to this appeal, plaintiff must also show that it is a party entitled to enforce the note. Deutsche Bank Trust Co. Americas , 277 Or. App. at 695, 374 P.3d 937. In this case, plaintiff sought to establish its authority to enforce the note through proof that it possessed the note when it filed for foreclosure. See ORS 73.0301 (a person entitled to enforce an instrument includes the "holder of the instrument"); ORS 71.2010(2)(u)(A) (a "[h]older" is a "person in possession of a negotiable instrument" (emphasis added)); Investment Service v. Martin Bros. , 255 Or. 192, 195, 203-05, 465 P.2d 868 (1970) (noting that the plaintiff became the *1118 holder when it "received" the negotiable instrument and stating that, to have standing to enforce a negotiable instrument, the party must have been a holder when it filed its complaint).
Plaintiff's motion for summary judgment asserted that plaintiff had introduced sufficient evidence as to each element of its foreclosure claim, that there were no disputed issues of material fact, and that it was entitled to judgment as a matter of law. See ORCP 47 C (stating that standard for summary judgment). In regard to plaintiff's authority to enforce the note-the only element at issue on appeal-plaintiff's motion stated that the note physically was "currently with counsel for Plaintiff *** and [wa]s available for *529 inspection." Plaintiff's motion further asserted that plaintiff had established that it was the party entitled to enforce the note through the declaration of a bank employee, which plaintiff submitted in support of its motion for summary judgment.
The declarant, Brown, stated that she was an employee of Wells Fargo Bank (Wells Fargo), plaintiff's loan servicer, and that she was "competent to testify to the [information in the declaration] based upon [her] personal knowledge of the facts and [her] review of the business records herein." Brown attested that she was familiar with Wells Fargo's business records relating to the servicing of defendant's mortgage and that
"[t]he copies of the Records attached to this Declaration are copies of the Records described. These Records are maintained in the ordinary course of business by Wells Fargo's personnel or staff, or persons acting under their control, and were made at or about the time of the act, condition, or event recorded."
Brown further attested that she had "personal knowledge of the manner in which the Records [were] maintained" and that she had "reviewed and relied upon the Records in executing [her] Declaration." After providing that basis for her knowledge, Brown stated additional facts specific to plaintiff's motion for summary judgment, including the following paragraph:
"7.
"CURRENT STATUS OF NOTE AND DEED OF TRUST: [Plaintiff] directly or through an agent, has possession of the Promissory Note ('Note'), which was made, executed, and delivered for valuable consideration. [Plaintiff] is either the original payee of the Note or the Note has been duly indorsed. [Plaintiff] was the holder at the time this foreclosure action was initiated and remains the holder of the Note and beneficiary of the Deed of Trust, and is entitled to enforce the Note under ORS 73.0301 and ORS 86A.175."
(Capitalization and underscoring in original.) Brown attached five documents to her declaration: (1) a copy of the promissory note; (2) a copy of the deed of trust; (3) a copy of the *530 assignment; (4) a printout of defendant's loan-payment history; and (5) a copy of a demand letter sent to defendant.
Defendant opposed the summary judgment motion. In relevant part, defendant argued that plaintiff had not put forth admissible evidence that it possessed the note at the time the complaint was filed and, therefore, had not established that it was a holder with standing to enforce the note. Defendant noted that the entire summary judgment record consisted of plaintiff's motion, Brown's declaration, and the five records attached to the declaration. In defendant's view, the only evidence in the record that purported to establish plaintiff's possession of the note at the relevant time was paragraph 7 of Brown's declaration. Defendant moved to strike that paragraph of the declaration, arguing, among other things, that it was not based on Brown's personal knowledge and that it was inadmissible hearsay. Defendant argued that, because plaintiff had not put forth admissible evidence establishing an essential element of its foreclosure claim-that plaintiff had possession of the note at the time it initiated the foreclosure action and therefore was a party entitled to enforce the note-plaintiff was not entitled to summary judgment.
At the hearing on plaintiff's motion, the parties disputed whether plaintiff had established possession of the note at the relevant time. In addition to its summary judgment filings, plaintiff purported to rely on its counsel's "certif[ication] as an officer of the Court that the note is currently in the possession of *1119 my office, [and] it has been made available, or has been shown to [defendant]."
At the conclusion of the hearing, and without elaboration, the trial court granted plaintiff's motion for summary judgment and entered a general judgment of foreclosure. Defendant now appeals that ruling.
With that background established, we turn to defendant's first assignment of error, in which he asserts that the trial court erred in denying his motion to strike paragraph 7 of the Brown declaration as inadmissible hearsay.[3] Defendant *531 contends that, because that paragraph was based on out-of-court statements-the Wells Fargo bank records that Brown reviewed-her description of their contents was hearsay to which no exception applied. See OEC 802 ("Hearsay is not admissible except as provided in [ OEC 801 to 806 ] or as otherwise provided by law."); OEC 805 (hearsay within hearsay is not excluded if each part falls within an exception); State v. Rodriguez-Castillo , 345 Or. 39, 46, 188 P.3d 268 (2008) (testimony is admissible under OEC 805 only if each out-of-court statement satisfies a hearsay exception or exclusion). Defendant acknowledges that the Wells Fargo records that Brown purports to have relied on may have been admissible under the hearsay exception for business records. See OEC 803(6) (business records exception to the rule against hearsay). He argues, however, that Brown's declaration may not describe their contents where, as here, the records that are described are not produced in court. See ORCP 47 D (requiring parties to attach or concurrently serve copies of any papers referenced in affidavits or declarations).
From that premise, defendant argues that summary judgment was improper because, without paragraph 7 of the declaration, the summary judgment record lacked any evidence that plaintiff was entitled to enforce the note. See ORCP 47 D (summary judgment must be based on "facts as would be admissible in evidence"); Deutsche Bank Trust Co. Americas , 277 Or. App. at 695, 374 P.3d 937 (a plaintiff must establish that it has standing in order to prevail on a foreclosure claim).
For its part, plaintiff does not dispute that, to prevail on summary judgment, it was required to establish, through proof of possession, that it had standing to enforce the note at the time of filing. Plaintiff asserts, however, that its summary judgment materials satisfied its burden of proof as to that element because no part of Brown's declaration is inadmissible. Plaintiff reasons that Brown's assertion that plaintiff was in possession of the note is admissible, because Brown "had access to the servicer's business records relating to the servicing of [defendant's] loan" and *532 "personally reviewed [defendant's] loan file and testified that those records reflect[ed] that [plaintiff] held the Note at the time the foreclosure action was initiated." Plaintiff further asserts that, even if Brown's statements are hearsay, they are not inadmissible, because they fall within the business records exception, OEC 803(6). In plaintiff's view, the business records exception permits testimony based on a review of business records, without requiring introduction of the records themselves into evidence.
Plaintiff alternatively asserts that, even if we conclude that Brown's averment regarding plaintiff's possession of the note is inadmissible, there is ample other evidence in the summary judgment record to support the court's ruling. In support of that argument, plaintiff points to (1) the complaint, which expressly alleged that plaintiff was the holder of the note; (2) the summary judgment motion, which asserted that plaintiff's counsel had physical possession of the note; (3) a copy of the original note and its assignment, both of which were attached to the summary judgment motion; and (4) the "certification" by plaintiff's counsel at the summary judgment hearing that he had possession of the note and that plaintiff had possessed the note since 2006. For the reasons that follow, we disagree with each of plaintiff's arguments.
We begin our analysis by determining the appropriate standard of review. We review *1120 a trial court's evidentiary ruling either for an abuse of discretion or for errors of law, depending on the subject matter. State v. Cunningham , 337 Or. 528, 536, 99 P.3d 271 (2004), cert. den. , 544 US 931, 125 S.Ct. 1670, 161 L.Ed.2d 495 (2005) ; State v. Rogers , 330 Or. 282, 310-11, 4 P.3d 1261 (2000). Whether Brown's declaration contains inadmissible hearsay presents a question of law; accordingly, we review that determination for legal error. See Cunningham , 337 Or. at 538, 99 P.3d 271. Similarly, we review an order granting summary judgment for legal error. Ellis v. Ferrellgas, L.P. , 211 Or. App. 648, 652, 156 P.3d 136 (2007). In conducting that review, we view the summary judgment record in the light most favorable to defendant, the nonmoving party. ORCP 47 C.
With those standards in mind, we first consider whether paragraph 7 of the Brown declaration is hearsay.
*533 Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. OEC 801(3). Such out-of-court statements are generally inadmissible unless they qualify under a hearsay exception or are categorically excluded from hearsay treatment. OEC 802 (hearsay is not admissible except as provided in OEC 801 to 806 ); OEC 803 to 804 (setting forth exceptions to the hearsay rule); OEC 801(4) (listing hearsay exclusions).
The attestations in paragraph 7 of Brown's declaration are hearsay, including the attestation as to plaintiff's possession of the note at the time it initiated the foreclosure action. Brown does not couch her attestations in terms of what Wells Fargo's records "said"; that is, she does not expressly reference an out-of-court statement. Viewing the declaration as a whole, however, it is apparent-and plaintiff acknowledges-that the attestations are based on Brown's contemporaneous review of the contents of Wells Fargo's business records. Cf. West v. Allied Signal, Inc. , 200 Or. App. 182, 190, 113 P.3d 983 (2005) (under ORCP 47 D, the court reviews a supporting affidavit as a whole to determine whether an objectively reasonable person would understand its contents to be based on the affiant's personal knowledge). The only stated bases for Brown's knowledge of any facts are her employment by Wells Fargo and her corresponding familiarity with, and review of, her employer's records. Paragraphs 4 through 6, 8, and 9 each reference specific documents found in those records and attached to the declaration. Brown concludes her attestation with, in relevant part, "I make the above declaration based on my review [of the] attached documents ***." And, as noted, plaintiff argues in its own briefing that Brown's declaration is based on her review of defendant's loan file, and that paragraph 7 sets forth her testimony "that those records reflect that [plaintiff] held the Note at the time the foreclosure action was initiated and continued to hold the Note." (Emphasis added.) Thus, paragraph 7 represents Brown's account of what Wells Fargo's records say-that is hearsay.[4] See OEC 801(3).
*534 Our conclusion that paragraph 7 of the declaration contains hearsay does not end our inquiry. As noted, plaintiff argues that, if the assertions of that paragraph are hearsay, those statements are nonetheless admissible because they are business records. The business records exception to the hearsay rule allows the admission of
"[a ] memorandum, report, record, or data compilation, in any form , of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method [or] circumstances of preparation indicate lack of trustworthiness."
OEC 803(6) (emphasis added). Thus, for a business record to be admissible under that exception, the party proffering that evidence must show that the record was (1) made at or near the time of the event or matter being memorialized; (2) by or from information *1121 transmitted by a person with knowledge and a duty to report; (3) pursuant to a regular activity of the business; and (4) kept in the course of a regularly conducted business activity. See Laird C. Kirkpatrick, Oregon Evidence § 803.06[3][a], 809 (6th ed. 2013) (summarizing the foundational requirements of the rule).
Plaintiff argues that Brown's declaration establishes those predicates for the Wells Fargo records and that they therefore qualify as business records. Plaintiff further argues that Brown's testimony based on her review of those records similarly qualifies as an admissible business record. Defendant does not dispute that the Wells Fargo records themselves satisfy OEC 803(6), but contends that Brown's testimony about their contents is not a business record. We agree with defendant.
In essence, defendant argues that, although plaintiff may have laid a sufficient foundation to introduce various bank documents as business records under ORS 803(6), its failure to introduce the records themselves renders that effort moot, at least insofar as paragraph 7 of Brown's *535 declaration is concerned.[5] Defendant is correct. OEC 803(6) authorizes the introduction of a qualified "memorandum, report, record, or data compilation in any form ," but no part of that rule purports to render testimony about those things admissible over a hearsay objection. (Emphasis added.)
Moreover, the various considerations justifying a hearsay exception for business records do not extend to testimony regarding the contents of those records. In adopting the business records exception, the legislature explained that, generally, records kept as part of a regularly conducted business activity are admissible, despite being hearsay, because of their "unusual reliability." Legislative Commentary to OEC 803, reprinted in Kirkpatrick, Oregon Evidence § 803.06[2] at 806. The source of that reliability is "variously ascribed to the regular entries and systematic checking which produce habits of precision, to actual reliance of the business upon them, and to the duty of the record keeper to make an accurate record." Id .; see State v. Cain , 260 Or. App. 626, 632, 320 P.3d 600 (2014) (discussing that rationale). Unlike the records actually accompanying Brown's declaration, none of those indicia of reliability or trustworthiness extends to the freestanding testimony found in paragraph 7.
Finally, we note that nothing in our case law supports plaintiff's assertion that the business records exception permits a party to substitute testimony regarding the contents of records for the records themselves. To the contrary, our case law has consistently applied OEC 803(6) to documents or comparable materials, not to testimony about those materials. See, e.g. , State v. Edmonds , 285 Or. App. 855, 861-64, 398 P.3d 998 (2017) (holding that the transcript of a victim interview satisfying the foundational requirements of the exception was not inadmissible hearsay); Cain , 260 Or. App. at 634-36, 320 P.3d 600 (a computer-generated printout created in the course of a fraud investigation qualified as a business *536 record). Thus, we conclude that paragraph 7 of the Brown declaration was not admissible under OEC 803(6). And, because plaintiff, the proponent of that evidence, has not offered any other theory supporting its admission, we conclude that the trial court erred in denying plaintiff's motion to strike that portion of plaintiff's declaration.
As noted above, plaintiff argues, alternatively, that there was ample other evidence in the record to establish plaintiff's standing to bring the foreclosure action. We disagree. Having reviewed the record, we conclude that the "[a]dditional [i]ndependent [s]upport" that plaintiff points to either is not evidence (allegations of the complaint; arguments in the summary judgment motion; assertions of plaintiff's counsel at the hearing); did not show possession at the relevant time (the promissory note and its assignment; assertions of counsel that plaintiff possessed the note at the time of the summary judgment *1122 hearing); or both. Accordingly, we reject plaintiff's alternative argument along with its first.
Without any evidence to establish its standing to bring its foreclosure action, plaintiff was not entitled to judgment as a matter of law. We therefore conclude that the trial court erred in granting plaintiff's motion for summary judgment.
Reversed and remanded.

Our disposition of defendant's first assignment of error renders it unnecessary to further consider his second assignment of error.

Summary judgment is proper when "the pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C; see Outdoor Media Dimensions Inc. v. State of Oregon , 331 Or. 634, 638, 20 P.3d 180 (2001). As the party with the ultimate burden of establishing its standing at trial, plaintiff is entitled to judgment as a matter of law only if it introduces sufficient evidence on that-and every other element of its claim-such that "no objectively reasonable juror could return a verdict for the adverse party on the matter." ORCP 47 C; Robinson v. Lamb's Wilsonville Thriftway , 332 Or. 453, 455, 31 P.3d 421 (2001).

Because we conclude that that portion of the declaration was inadmissible hearsay, we do not reach defendant's alternative argument that paragraph 7 of the declaration was inadmissible because it was not based on the declarant's personal knowledge. As a practical matter, of course, testimony that is based on hearsay is not based on personal knowledge.

Plaintiff does not dispute that the contents of paragraph 7 were offered to prove the truth of the matter that they assert. See OEC 801(3).

Brown attached various documents from defendant's loan file to her declaration. Nothing in those documents "reflect[s] that [plaintiff] held the Note at the time the foreclosure action was initiated," as plaintiff contends, because nothing in them indicates when plaintiff acquired possession. Whatever records Brown reviewed that led her to conclude that plaintiff possessed the note at the time it initiated the foreclosure action, those records are not attached to her declaration.