DEHOOG, P. J.
*506 In U.S. Bank National Assn. v. McCoy , 290 Or. App. 525, 527, 415 P.3d 1116 (2018), a judicial foreclosure action like this one, we held that a statement in a bank employee's declaration, attesting that the bank's business records showed that the defendant's promissory note had been in the plaintiff's possession at the time it commenced foreclosure proceedings, was inadmissible to establish the plaintiff's standing to enforce the note. We concluded that, even though the bank records themselves were admissible under the hearsay exception for business records, the statement as to what those records reflected was inadmissible hearsay. Id . at 534-35, 415 P.3d 1116. Although we did not issue McCoy until after this case had been taken under advisement, defendants' opening brief squarely raises the same issue as the one decided in that case. Further, we conclude that, as in McCoy , plaintiff improperly relied on inadmissible hearsay in its declarations to establish its standing to enforce defendants' promissory note. Accordingly, the trial court erred in granting plaintiff summary judgment on the basis of those declarations, and we therefore reverse and remand.[1]
The relevant facts are procedural and undisputed. Defendants' appeal arises out of summary judgment proceedings in which the trial court determined that there were no disputed issues of material fact and that plaintiff, Bank of America, was entitled to prevail as a matter of law. In response to plaintiff's motion for summary judgment, defendants had argued, among other things, that plaintiff's declarations in support of summary judgment contained inadmissible hearsay. The trial court rejected that argument, which defendants reprise on appeal. Plaintiff does not directly respond, choosing instead to focus on defendants' other arguments, including their contention that plaintiff's witnesses were not competent to testify regarding plaintiff's business records. Because it is dispositive, we limit our discussion to defendants' hearsay argument.
*507 We begin by briefly summarizing the relevant law governing judicial foreclosure and the applicable legal standards. To prevail in a judicial foreclosure action, a plaintiff "must show that the trust deed securing defendant's promissory note authorizes the remedy of foreclosure upon default; that defendant is in default under the terms of the loan; and that defendant failed to cure the default despite having had an opportunity to do so." McCoy , 290 Or. App. at 528, 415 P.3d 1116 (citing Churchill v. Meade , 88 Or. 120, 124, 171 P. 565 (1918) ). The plaintiff "must also show that it is a party entitled to enforce the note," which, as relevant here, the plaintiff can establish "through proof that it possessed the note when it filed for foreclosure." Id. ; see ORS 73.0301 (the "holder of the instrument" may enforce it); ORS 71.2010 (2)(u)(A) (a "[h]older" is a "person in possession of a negotiable instrument").
In turn, summary judgment is warranted when "the pleadings, depositions, affidavits, declarations and admissions on file *509 show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C. As the party with the burden of proof at trial, the plaintiff "bears the burden of producing evidence to establish [its claim] as a matter of law at the summary judgment stage." U.S. Bank National Assn. v. Vettrus , 285 Or. App. 629, 636, 397 P.3d 68 (2017) (internal quotation marks omitted). In determining whether there is a material factual dispute, we-like the trial court-view the summary judgment record in the light most favorable to defendants, the nonmoving parties. As noted, however, in this case there are no factual disputes relevant to our disposition; accordingly, we review for legal error the trial court's ultimate determination that plaintiff was entitled to judgment as a matter of law.
The alleged error here concerns plaintiff's status as a party entitled to enforce defendants' promissory note. As evidence that it was entitled to enforce the note, plaintiff submitted two declarations purporting to be from "Assistant Vice President[s]" of Bank of America, N.A. ("BANA"). Each declaration asserts that plaintiff was in possession of defendants' note when it filed this foreclosure action and that *508 plaintiff has remained in possession since that time.[2] Each declarant attached a certified true copy of the note to her declaration; neither copy, however, indicates when the note came into plaintiff's possession or when plaintiff might otherwise have acquired grounds to enforce the note. Rather, the note is "indorsed in blank" (rendering it payable to the party possessing it), without showing a transaction date or any other date or event potentially relevant to plaintiff's status as a party entitled to enforce the note. Nor do the declarations themselves provide admissible evidence as to any such date or event. Rather, in support of its factual assertions, each declaration merely states that the "information in this declaration is taken from BANA's business records." That is, neither declarant claimed to have had personal knowledge regarding plaintiff's possessory or other interest in the note, but only to have had sufficient knowledge of plaintiff's records to satisfy the requirements of the hearsay exception for business records, OEC 803(6).
We addressed that hearsay exception under substantially the same circumstances in McCoy , 290 Or. App. at 533-34, 415 P.3d 1116. In that case, the plaintiff attempted to establish its standing to enforce a promissory note by submitting the declaration of an employee of the loan servicer, Wells Fargo Bank. In her declaration, the employee stated that she was "competent to testify to the [information in the declaration] based upon [her] personal knowledge of the facts and [her] review of the business records herein." Id. at 529, 415 P.3d 1116 (alterations in McCoy ). The declarant then asserted that the plaintiff held the promissory note at the time it commenced foreclosure proceedings, as follows:
"[Plaintiff] directly or through an agent, has possession of the Promissory Note ('Note'), which was made, executed, and delivered for valuable consideration. [Plaintiff] is either the original payee of the Note or the Note has been duly indorsed. [Plaintiff] was the holder at the time this *509 foreclosure action was initiated and remains the holder of the Note and beneficiary of the Deed of Trust[.]"
Id.
On appeal, we agreed with the defendant that the above assertions were hearsay, because the declarant was merely recounting what she had learned by reading Wells Fargo's records. Id. at 533, 415 P.3d 1116. We further concluded that those statements were not admissible under the hearsay exception for business records under OEC 803(6), which, subject to various requirements, allows for the admission of a "memorandum, report, record, or data compilation, in any *510 form."[3] Id. at 534-36, 415 P.3d 1116. As we explained in that case, "no part of that rule purports to render testimony about [the records] admissible over a hearsay objection." Id. at 535, 415 P.3d 1116 (emphasis in original). We reasoned in McCoy that, although the plaintiff may have laid a sufficient foundation to render Wells Fargo's records admissible over a hearsay objection to prove that it held the note at the relevant time, its failure to introduce the records themselves rendered that exercise meaningless. Id. at 534, 415 P.3d 1116. Accordingly, we reversed on the ground that the summary judgment record in that case lacked any admissible evidence that the plaintiff was entitled to enforce the defendant's promissory note. Id. at 537, 415 P.3d 1116 ; see ORCP 47 D (summary judgment must be based on "facts as would be admissible in evidence").
Here, as in McCoy , the bank employees' declarations were the only evidence of plaintiff's standing to foreclose. And, as in McCoy, the employees' declarations are not themselves admissible as business records under OEC 803(6), *510 and the summary judgment record does not contain other, admissible, evidence that plaintiff was entitled to enforce defendants' promissory note at the time it filed for foreclosure. Accordingly, the summary judgment record does not establish that plaintiff is entitled to judgment as a matter of law, and the trial court erred in concluding otherwise.
Reversed and remanded.

Our disposition on the basis of defendants' hearsay argument renders it unnecessary to address the balance of defendants' arguments as to why, in their view, summary judgment was not warranted in this case. We reject without further discussion defendants' argument that they should be awarded attorney fees under ORS 20.105.

The first declaration states: "BANA, directly or through an agent, has possession of the Note and held the Note at the time of filing the foreclosure complaint. The Note has been duly indorsed. BANA is the assignee of the security instrument for the referenced loan." The second declaration states: "Plaintiff has been in possession of the original Note since prior to the filing of this action and has the right to foreclose. The note is endorsed in blank."

In full, OEC 803(6) provides that the following is not excluded by the rule against hearsay:
"A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method of circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this subsection includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."