***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted April 12, affirmed October 25, 2023, petition for review denied March 7, 2024 (372 Or 107)

TWENTY SECOND STREET, LLC,
a Florida limited liability company,
*Plaintiff-Respondent,*

*v.*

BIG BOOTS, LLC,
an Oregon limited liability company, et al.,
*Defendants,*

*and*

R. Lesa Horton,
*Defendant-Appellant.*

Jackson County Circuit Court
19CV44997; A177697

Benjamin M. Bloom, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Melisa A. Button argued the cause and filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant Lesa Horton appeals from a general judgment entered against her and multiple other defendants on plaintiff's claims for replevin, breach of contract, claim and delivery, foreclosure of security interest, conversion, and money had and received.[1] Defendant raises seven assignments of error. We conclude that the first assignment of error was harmless and that it, therefore, does not support reversal. Or Const, Art VII (amended), § 3. We do not reach assignments two through six because defendant does not precisely identify any particular ruling that she is challenging in those assignments. ORAP 5.45(3).

A detailed recitation of the facts of this case would not assist the parties, the bench, or the bar, and we thus describe them only to the extent necessary to explain our decision. Plaintiff Twenty Second Street, LLC, a Florida company owned and operated by Galen Manternach, had a contract with Big Boots, LLC (Big Boots), an Oregon company represented in the dealings by defendant, Nick Del Franco, and Thomas Del Franco, to process 10,000 pounds of hemp biomass into THC-free CBD oil. Pursuant to the contract, plaintiff deposited $450,000 into escrow with Big Boots' attorney, Martin Karo. Big Boots did not satisfy the contract for the hemp processing; however, Karo released the money out of escrow, to an unidentified recipient. Following failed attempts to recover its money, plaintiff brought this action against Big Boots, another entity Qualis Labs, LLC, and all of the individuals involved in the deal.

Karo, Nick Del Franco, Thomas Del Franco, Big Boots, and Qualis Labs were adjudged to be in default. Plaintiff proceeded to trial on the merits against defendant seeking damages, lien foreclosure, and a determination, and allocation, of fault among the named defendants. The court found in favor of plaintiff on all claims except for the conspiracy to commit fraud claim. The court found that Qualis Labs and Big Boots were "mere sham entities" serving as "alter egos" of defendant and Karo and it found

---

[1] Multiple corporate entities and four individuals were included as defendants in the proceeding below. This appeal is brought only by defendant Horton. Therefore, we use the term "defendant" to refer only to her.

the individual defendants to be jointly and severally liable for the judgments entered against those entities. Defendant filed this appeal.

*Hearsay challenge.* In her first assignment of error, defendant argues that the trial court improperly admitted hearsay evidence. The exhibit in question was an email from Karo to plaintiff's attorney which read, in part:

"It's pretty simple: if Nick can settle the matter for every-one, he can and he should. I didn't get Galen's money, he and Lesa did. If he can't settle the matter, I will try. But I don't have $450k in cash. Galen would prefer cash up front. Why discuss anything else if Nick can provide it."[2]

Defendant's counsel objected to the admission of the email, based on hearsay. The following exchange occurred:

"[DEFENDANT'S COUNSEL]:   I object to hearsay.

"[PLAINTIFF'S COUNSEL]: It's not hearsay, it's Mr. Karo.

"[DEFENDANT'S COUNSEL]: Well it's not in his interest though.

"[PLAINTIFF'S COUNSEL]: He's a party opponent here.

"THE COURT:   The objection's overruled."

Whether evidence contains inadmissible hearsay presents a question of law that we review for legal error. *U.S. Bank National Assn. v. McCoy*, 290 Or App 525, 532, 415 P3d 1116 (2018).

Hearsay is an out of court statement "offered in evidence to prove the truth of the matter asserted." OEC 801(3). Hearsay is not admissible except as provided in a number of exceptions or as otherwise provided by law. OEC 802. A statement is not hearsay if the statement is offered against a party and is "[t]hat party's own statement, in either an individual or a representative capacity." OEC 801(4)(b)(A).

Defendant argues that the trial court erred in admitting the exhibit as a statement of a party opponent

---

[2] The parties agree that the reference to "he and Lesa" getting the money was referring to Nick Del Franco and defendant.

because Karo, the speaker, was not the party against whom the statement was admitted. Defendant asserts that the statement was in Karo's favor, and therefore was not admitted *against* him; rather, it was admitted against defendant's interests. Plaintiff argues that even though Karo had been defaulted, he was still a party to the proceeding because plaintiff had an evidentiary burden at trial to prove damages against him, and thus plaintiff was entitled to present evidence against Karo.

We agree with defendant that the exhibit should not have been admitted as a statement of a party opponent.[3] In *Dept. of Human Services v. G. D. W.*, 353 Or 25, 292 P3d 548 (2012), the Supreme Court examined the enactment history and meaning of OEC 801(4)(b)(A), and concluded that:

> "when OEC 801(4)(b)(A) refers to an out-of-court statement being offered 'against' a party, it means that the statement is offered against a position that the party actually has declared in the proceeding, by pleadings or otherwise."

353 Or at 37. The statement by Karo that he did not get the missing money, the other defendants did, is not a statement offered against a position that Karo had declared in the proceeding. Indeed, the statement claims innocence and deflects responsibility onto the other parties. It is therefore not admissible under OEC 801(4)(b)(A).

However, we conclude that any error in admitting the exhibit was harmless. "Evidentiary error is harmless when the error does not substantially affect a party's rights. An evidentiary error substantially affects a party's rights where it has some likelihood of affecting the jury's verdict." *Morgan v. Valley Property and Casualty Ins. Co.*, 289 Or App

---

[3] We acknowledge that the court's basis for its ruling on the objection was not stated on the record. Plaintiff advances several arguments for alternative theories under which the exhibit could have been admitted, including that it was admissible non-hearsay against Big Boots through Karo's representative capacity; or that it was not hearsay at all because it was not offered for the truth of the matter asserted, given plaintiff's position that all defendants, including Karo, were liars and were not to be trusted. We decline to engage in a "right for the wrong reason" analysis, as plaintiff did not advance these arguments below and it is possible the record could have developed differently had one of these alternative bases for admissibility been argued. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001). Regardless, our conclusion that any error in admitting the exhibit was harmless renders such an analysis unnecessary.

454, 467, 410 P3d 327 (2017), *adh'd to on recons*, 290 Or App 595, 415 P3d 1165, *rev den*, 363 Or 390 (2018) (internal quotation marks and citations omitted).

The issue of who actually received the money was not an issue raised by the pleadings and it was not a disputed issue at trial. The court found all of the defendants jointly responsible on the conversion claim. The court concluded that Karo had possession of the money and improperly released it, that he was the only one who knew what happened to it, and that the evidence, including the email, suggested that defendant and Nick Del Franco received the money. However, the court did not need to determine whether defendant received the money, and it did not do so. It did not matter to the trial court who ultimately received the money because the mere intentional exercise of dominion or control, and not possession, of the chattel was all that was required. *See Mustola v. Toddy*, 253 Or 658, 663, 456 P2d 1004 (1969) (adopting the *Restatement (Second) of Torts* definition of conversion: "intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.")

Defendant argues that the admission of the email was not harmless, because taken at face value it would be "absolute proof that she was part of a scam, committed conversion, and is an outright liar." Alternatively, if she never received any of the funds, defendant argues, that would suggest she was not part of the scam and there would be no basis for holding her liable for any of the claims brought by plaintiff, and would show her to have been truthful, necessitating reconsideration of the court's credibility analysis. We are not persuaded by that argument. Whether the court credited the email as fact or not, the outcome would almost certainly have been the same. The court found defendant to be "extremely uncredible" and it had "trouble believing anything she sa[id]." The court pointed to numerous other pieces of evidence that demonstrated defendant's involvement in the overall organization and scheme, including her signing of documents on behalf of Big Boots, her representations to plaintiff, and her name and address on corporate documents

and emails. That evidence supported the court's decision to disregard corporate formalities and to impose personal liability on defendant and Karo for the actions of Big Boots and Qualis Labs.

Given the trial court's credibility findings to which we defer, and its other findings which are supported by the record, we cannot conclude that the admission of the email had any likelihood of affecting the verdict.

*Additional assignments of error.* Plaintiff raises six additional assignments of error in which she argues that the court erred by: (1) awarding benefit of the bargain damages when the contract provisions did not allow for such damages; (2) improperly calculating damages based on the wrong amount of biomass and an improper price per pound; (3) failing to require plaintiff to mitigate his damages; (4) making factual mistakes in disregarding the corporate entity; (5) finding defendant liable for breach of the original agreement; and (6) entering judgment against defendant on the conversion and money had and received claims.

We reject those remaining assignments because they do not comply with ORAP 5.45(3), which requires that "[e]ach assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged." "A failure to comply with ORAP 5.45 generally renders the claim of error unreviewable on appeal." *Village at North Pointe Condo. Assn. v. Bloedel Constr.*, 278 Or App 354, 360, 374 P3d 978, *adh'd to as modified on recons*, 281 Or App 322, 383 P3d 409 (2016). An assignment must do more than challenge a factual finding or legal conclusion of the court, otherwise we are left to "'divine *** what the [appellant] most likely is getting at.'" *Justice and Crum*, 265 Or App 635, 638 n 1, 337 P3d 840 (2014) (quoting *Association of Unit Owners v. Dunning*, 187 Or App 595, 605, 69 P3d 788 (2003) (brackets and ellipsis in *Justice*)).

None of the remaining assignments identifies a "legal, procedural, factual, or other ruling that is being challenged," as required by ORAP 5.45(3). Defendant does not, for example, identify an evidentiary ruling or a ruling on a motion for summary judgment, directed verdict, or any

other motion that presented the underlying legal issues to the trial court for decision.[4] We therefore decline to address the remainder of the arguments.

Affirmed.

---

[4] Defendant did file objections to the proposed judgment. However, defendant's objections were deemed to be untimely. Defendant has not assigned error to that ruling.