Argued and submitted February 24, reversed and remanded in part; otherwise affirmed May 17, 1995

Jackie JESSEN
and Jacque Consenz,
dba Pacific Western Recycling,
*Respondents,*

*v.*

Nelson B. COLTON
and Unique Premium Metals, Inc.,
*Appellants.*

(93 CV 0017; CA A84165)

895 P2d 354

Joel S. DeVore argued the cause for appellants. With him on the briefs was Luvaas, Cobb, Richards & Fraser, P.C.

Roger W. Gould argued the cause and filed the brief for respondents.

Before Deits, Presiding Judge, and De Muniz and Armstrong, Judges.

DEITS, P. J.

**DEITS, P. J.**

Defendants appeal from the judgment for plaintiffs, entered on the jury's verdict in this breach of contract action,[1] arising out of defendant Colton's[2] discontinuation of his participation in and financing for a joint business operation. We reverse in part.

Plaintiffs began operating a recycling business in Coos Bay in 1989. Their principal stock consisted of catalytic converters and parts from scrapped vehicles, which could be resold for use as a source of precious metals and other derivatives. Plaintiffs had had dealings with Colton in the past, and began consulting with him in connection with the Coos Bay business in the early 1990s. Colton was subject to a noncompetition agreement with the new operator of a converter business of which he had formerly been a principal, and his role in plaintiffs' business initially was solely advisory. He recommended that plaintiffs obtain more financing, and suggested that they obtain it from a particular corporation. They did so, and entered into certain contractual arrangements with that corporation.

In April 1992, Colton and plaintiffs agreed that Colton would become more actively involved in the business. In general outline, Colton proposed to pay plaintiff Consenz a monthly salary of $5,000, and to provide direct financing for the business instead of the financing that had been received from the corporation he had previously recommended. Plaintiffs transferred their interests in some or all of the agreements with that corporation to Colton. By November or December 1992, Colton's and plaintiffs' business relationship had collapsed, and Colton had ceased providing salary payments and financing. This action ensued.

Defendants' only assignment of error is that the court erred in denying their motion for a partial directed

---

[1] Plaintiffs purported to pursue promissory estoppel as their theory of liability. We accept the parties' premises for sake of discussion and do not address whether lost profit damages would normally be recoverable under a promissory estoppel theory. Defendants filed and prevailed on a counterclaim, which is not involved in the appeal.

[2] Defendant Unique Premium Metals, Inc., is owned by Colton and plays no independent role in the facts relevant to our opinion.

verdict as to plaintiffs' claim for lost profits. The dispute is over the profits that plaintiffs alleged they would have gained from an eventual sale of the business. We agree with defendants that there was no evidence of either the fact or the amount of lost profit damages that rises above the level of speculation. The principal evidence consisted of Colton's statements to plaintiffs at the negotiation stage that he had made a million dollars in developing and selling a business once before and, after this business was developed with his participation, it would happen again. In *Willamette Quarries v. Wodtli*, 308 Or 406, 412, 781 P2d 1196 (1989), the court reiterated:

> "We have stated that to recover for lost profits or sales, a plaintiff must prove these damages with 'reasonable certainty.' *Buck v. Mueller*, 221 Or 271, 282-83, 351 P2d 61 (1960). *See also Welch v. U.S. Bancorp*, 286 Or 673, 704-05, 596 P2d 947 (1979). Loss of future profits may be established by proof of past profits of an established business, *Buck v. Mueller, supra*, 221 Or at 282-83, or by expert projections based upon tests performed under substantially similar conditions. *Hardwick v. Dravo Equipment Company*, 279 Or 619, 622-25, 569 P2d 588 (1977). Lost profits or sales, however, are not proved merely by testimony of unverifiable expectations of profits. *Meader v. Francis Ford, Inc.*, 286 Or 451, 458, 595 P2d 480 (1979); *Feeney & Bremer Co. v. Stone*, 89 Or 360, 378, 171 P 569, 174 P 152 (1918)."

The evidence here amounted to nothing more than "unverifiable expectations of profits." Accordingly, the trial court erred in denying the motion for directed verdict on plaintiffs' claim for lost profits.

Plaintiffs argue that any error in submitting the lost profits claim to the jury was harmless, because their proof of other kinds of damages was independently sufficient to support the amount that the jury awarded in its unsegregated finding. Plaintiffs' argument is answered adversely by *Whinston v. Kaiser Foundation Hospital*, 309 Or 350, 788 P2d 428 (1990).

The parties also disagree whether our remand should be plenary or only on the damages issues. We agree with plaintiffs that no retrial on the liability issues is necessary, because there is not a sufficient connection between the matters that a factfinder must consider and decide on the lost

profits issue and on liability, and the error defendants assign affects only the damages issue directly. *Baker v. English*, 134 Or App 43, 894 P2d 505 (1995).

Reversed and remanded on damages issues; otherwise affirmed.