DeVORE, P. J.
*596 Plaintiffs petition for reconsideration, seeking clarification of the disposition of this case and suggesting that this court erred on the merits. Morgan v. Valley Property and Casualty Ins. Co. , 289 Or. App. 454, 410 P.3d 327 (2017) (reversing and remanding due to admission of inadmissible hearsay evidence). Specifically, plaintiffs ask that, if the judgment must be reversed, plaintiffs' claim on their insurance policy should be remanded for trial on damages only. On the merits, plaintiffs contend that this court erred in concluding that plaintiffs' principal proof of damages-an inventory spreadsheet of lost properties and their values-was inadmissible hearsay rather than a business record within the meaning of OEC 803(6). Defendant opposes reconsideration, arguing that defendant is entitled to a new trial on all issues, including affirmative defenses and breach of contract. Defendant contends that this court did not err in concluding that the inventory spreadsheet was inadmissible. In order to clarify the disposition of this case, we allow reconsideration. Because, however, the evidence issue has been fully argued and considered previously, we do not revisit the merits of our prior opinion. See ORAP 6.25(1) (grounds for reconsideration).[1]
To clarify our disposition of this case, we describe the limited nature of our prior decision. We determined "that the spreadsheet was not admissible as a business record because its information about dollar values originated from outside sources who were not under a duty to report such information to the adjusters" who prepared the spreadsheet. 289 Or. App. at 455, 461, 410 P.3d 327 *1167 (citing *597 State v. Cain , 260 Or. App. 626, 632-34, 320 P.3d 600 (2014) ). The problem was that plaintiffs' adjuster employed Connell, who had relied on sources outside of the adjusters' business-sources ranging from the internet to telephone conversations with vendors. Those sources were not part of the adjusters' business entity, which had prepared the inventory spreadsheet, and those outside sources had provided the critical replacement cost values. Id . at 463, 410 P.3d 327. Because those outside sources were not under a requisite "duty to report," their outside information could not be treated as part of the business records of the adjusters. Id . at 463-64, 410 P.3d 327. The result was that the inventory spreadsheet could not be admitted as an ordinary business record under OEC 803(6). Id . at 468-69, 410 P.3d 327.
The decision in this case is a narrow question of the admissibility of an exhibit under the terms of the Oregon Evidence Code as construed by case law that interposes a "duty to report" requirement. Id . at 461, 410 P.3d 327. We decided no more. We were not asked to decide any issue directed to the affirmative defenses or breach of contract. Our decision reversed and remanded, but we did not expressly state whether the remand was limited to a trial on damages only.
When the parties to an appeal raise one issue, they may address whether determination of an error on that one issue should mean a limited trial or a full new trial on all issues. When the parties brief the relationship of an error on damages as to other issues, this court, being thus informed, may determine that no more than a limited trial on damages is necessary. See, e.g. , Jessen v. Colton , 134 Or. App. 327, 895 P.2d 354 (1995) (directing new trial on damages only). However, that did not happen here. We lack familiarity with the interrelationship of the issues, if any , that the trial court has after having observed the original trial.
With a petition to reconsider, plaintiffs ask us to make such a determination belatedly. Plaintiffs observe that, by implication, our decision did no more than require plaintiffs to prove damages anew. Plaintiffs reason that defendant's breach of contract-the failure to pay plaintiffs' loss-was not impugned by any evidentiary error that happened to occur later at trial. Plaintiffs stress that, with a special verdict form, the jury specifically rejected the three *598 affirmative defenses that concerned plaintiffs' conduct before trial. Plaintiffs conclude that those rejected defenses were the only way to have avoided finding defendant in breach of contract. The jury found that plaintiffs did not fail to cooperate with defendant's investigation of the loss; that plaintiffs did not file suit before performing all duties on their part to be performed; and that plaintiffs did not conceal or misrepresent any fact related to the claim. Nonetheless, defendant responds that a trial on all issues is necessary because the inventory spreadsheet was "intertwined" with those affirmative defenses and a finding of breach of contract. Defendant argues that admission of the spreadsheet colored the jury's consideration of the affirmative defenses. Defendant complains that, due to a recording error, no transcript of the parties' closing arguments is available to show how the spreadsheet was used in arguments about breach of contract or the affirmative defenses.
On this imperfect record, we conclude that the scope of a new trial remains a matter that should be left to the discretion of the trial court who can better determine whether the issues of breach of contract or the affirmative defenses were affected by evidentiary error. That is, the trial court will know better whether evidentiary error at trial logically related to, or prejudiced, the jury's examination and resolution of the affirmative defenses concerning the pretrial responsibilities of insureds and insurer.
Although we leave the scope of trial to the discretion of the trial court, we clarify the disposition of the case to underscore the narrowness of an evidentiary decision and to indicate that, by adhering to the tagline, "reversed and remanded," nothing in our decision precludes the trial court from limiting trial to solely a determination of the extent of damages.
Reconsideration allowed; former opinion clarified and adhered to as clarified.

In relevant part, ORAP 6.25(1) provides
"A petition for reconsideration shall be based on one or more of these contentions:
"* * * * *
"(b) A claim of error in the procedural disposition of the appeal requiring correction or clarification to make the disposition consistent with the holding or rationale of the decision or the posture of the case below;
"* * * * *
"(e) A claim that the Court of Appeals erred in construing or applying the law. Claims addressing legal issues already argued in the parties' briefs and addressed by the Court of Appeals are disfavored."