Argued and submitted August 13, 2019, affirmed June 17, 2020

ARROWOOD INDEMNITY COMPANY,
*Plaintiff-Respondent,*

*v.*

Douglas Dean FASCHING,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CV37770; A167409

469 P3d 271

Plaintiff, Arrowood Indemnity Company (Arrowood), paid a lending institution's insurance claim for losses it sustained after defendant defaulted on his student loans. Arrowood then brought this subrogation action against defendant. In support of its summary judgment motion, Arrowood submitted its claims file, including various proof-of-loss records submitted to it by its insured lending institution, attached to the affidavit of a knowledgeable employee attesting to the OEC 803(6) foundational requirements for those records. In his cross-motion for summary judgment, defendant argued that Arrowood's affiant failed to satisfy the foundational requirements of OEC 803(6), resulting in a lack of admissible evidence and requiring judgment in defendant's favor. The trial court granted Arrowood's motion for summary judgment and denied defendant's cross-motion for summary judgment. Defendant appealed. *Held*: The trial court did not err by admitting the documents as business records under OEC 803(6) and granting Arrowood's motion for summary judgment. Third-party business records contained within another business's records are admissible when the party offering the records demonstrates that (1) the third party had a duty to accurately record the information in the regular course of its business; (2) the third party had a duty to accurately report that information to the business whose records are being offered; and (3) that the business whose records are being offered adopted and relied upon that third-party information in the regular course of its business. Because Arrowood established those three requirements, the third-party records were admissible as its own, adopted business records.

Affirmed.

Bruce C. Hamlin, Judge pro tempore.

Jonathan M. Radmacher argued the cause for appellant. Also on the briefs was McEwen Gisvold LLP.

Kelly F. Huedepohl argued the cause for respondent. Also on the brief was Keating Jones Hughes, PC.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.*

MOONEY, J.

Affirmed.

_____

* Egan, C. J., *vice* Hadlock, J. pro tempore.

**MOONEY, J.**

This appeal presents the question of whether proof-of-loss records submitted in support of an insurance claim by a lending institution to its insurer are admissible as business records under OEC 803(6). After the insurer, Arrowood Indemnity Company (Arrowood), paid an insured lending institution's (Discover Bank) insurance claim for losses it sustained when defendant defaulted on his student loans, Arrowood filed this subrogation claim against defendant. Arrowood filed a summary judgment motion supported by the signed affidavit of an employee knowledgeable about Arrowood's business practices and recordkeeping processes, and attesting to the OEC 803(6) foundational requirements for the proof-of-loss records attached to that affidavit. Defendant objected to those records as hearsay, contending that they were not admissible as Arrowood's business records because they were the records of Discover Bank and Citibank (Discover Bank's predecessor in interest). He also filed a cross-motion for summary judgment. The trial court granted Arrowood's summary judgment motion, denied defendant's cross-motion for summary judgment, and entered judgment in favor of Arrowood. Defendant appeals from that judgment. We affirm.

In an appeal arising from cross-motions for summary judgment, the granting of one motion and the denial of the other are both reviewable. *Eden Gate, Inc. v. D&L Excavating & Trucking, Inc.*, 178 Or App 610, 622, 37 P3d 233 (2002). Defendant assigns error to the trial court's grant of Arrowood's motion and the denial of his own motion. We review each motion "in the light most favorable to the party opposing it to determine whether there is a genuine issue of material fact and, if not, whether either party is entitled to judgment as a matter of law." *O'Kain v. Landress*, 299 Or App 417, 419, 450 P3d 508 (2019). There is no genuine issue of material fact if, based on the record, "no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C. Additionally, we review for legal error the trial court's conclusions regarding the admissibility of hearsay statements under an exception to the hearsay rule. *State v. Cook*, 340 Or 530, 537, 135 P3d 260 (2006).

The record on review includes the evidence submitted in connection with both summary judgment motions. *WSB Investments, LLC v. Pronghorn Devel. Co., LLC*, 269 Or App 342, 355, 344 P3d 548 (2015) (citing *Nixon v. Cascade Health Services, Inc.*, 205 Or App 232, 237 n 4, 134 P3d 1027 (2006)). And, we remain mindful that the failure of a party to satisfy the burden on his own motion does not mean that the opposing party has satisfied the burden on his motion. *McKee v. Gilbert*, 62 Or App 310, 321, 661 P2d 97 (1983).

The pertinent facts are undisputed. Defendant borrowed money from Citibank to attend law school. Citibank purchased an insurance policy from Arrowood insuring its portfolio of student loans, including defendant's loans. Discover Bank purchased that portfolio of loans, including defendant's student loans, from Citibank. Citibank's interest in the associated insurance policy was likewise assigned to Discover Bank. In 2013, defendant defaulted on his loans. Discover Bank filed a claim with Arrowood for the losses it sustained as a result of those defaults. In support of its claim, Discover Bank submitted proof of defendant's outstanding debts, and Arrowood paid the claim. Arrowood then filed this subrogation claim, seeking reimbursement from defendant of the amount it paid to Discover Bank.

In support of its motion for summary judgment, Arrowood submitted an affidavit of its program director, McGough, providing foundational testimony to support the admission of five attached exhibits under OEC 803(6): (1) Bill of Sale, Assignment, and Assumption Agreement showing Discover Bank's acquisition of certain Citibank assets including defendant's student loans; (2) loan application #1 dated and signed June 22, 1999, disclosure/terms of loan, payment record and transfer of ownership document from Discover Bank to Arrowood; (3) loan application #2 dated and signed April 23, 2000, disclosure/terms of loan, payment record, and transfer of ownership document from Discover Bank to Arrowood; (4) loan application #3 dated and signed April 19, 2001, disclosure/terms of loan, payment record, and transfer of ownership document from Discover Bank to Arrowood; and (5) copies of checks from Arrowood to Discover Bank representing payment of the claim related to defendant's default.

In her affidavit, the program director, McGough, testified that she had personal knowledge of the business records maintained by Arrowood in the course of its regular business functions and that she is trained and authorized in the use of those records. She testified further that Arrowood is an insurance company that insures consumer loans, including defendant's student loans, and that the lender in this case (Discover Bank) sought coverage from Arrowood when defendant stopped making his loan payments. She further testified:

> "[I] regularly review these proofs of claims as a part of my ordinary job function at [Arrowood]. When a claim is deemed valid upon review of the proof, [Arrowood] issues payment to the Lender, then seeks reimbursement from the consumer Defendant. All documents attached hereto are either produced and maintained directly by [Arrowood] or are documents from the Lender's proof of claim which are adopted by [Arrowood] and relied upon in the ordinary course of [Arrowood's] business. These records were made at or near the time of the occurrence or transaction recorded by a person with knowledge, and as [Arrowood's] qualified custodian of records I affirm that the attachments are true and correct copies of documents maintained by and relied upon by [Arrowood] in the ordinary course of its regular business functions."

Arrowood argued that the program director's affidavit was sufficient to establish that the records attached to the affidavit were excepted from the hearsay rule as Arrowood's business records under OEC 803(6).

The thrust of defendant's argument is that the records do not qualify as business records under OEC 803(6) because they were created and maintained by Arrowood's insured lending institution rather than by Arrowood and because Arrowood did not provide affidavits or other sworn testimony from that lending institution to lay the proper foundation under OEC 803(6). Defendant acknowledges on appeal that the "cross summary judgment motions" raise a single issue—whether the loan records submitted to Arrowood in support of Discover Bank's insurance claim were admissible as Arrowood's business records under OEC 803(6). As we explain below, the trial court did not err in

concluding that those records were admissible under OEC 803(6).

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement. OEC 801(3). Such statements are generally not admissible unless excepted or excluded from the hearsay rule. *See id.* (defining hearsay); OEC 802 (stating that hearsay is generally inadmissible); OEC 803 and OEC 804 (providing hearsay exceptions); OEC 801(4) (providing exclusions to hearsay). The reason hearsay is generally not admitted as evidence is because it is thought to lack the reliability of a statement made in court, under oath, and subject to cross-examination. OEC 802; *see also* Christopher B. Mueller and Laird C. Kirkpatrick, *Federal Evidence* § 8:64 (4th ed 2019) (explaining the purpose of the hearsay rule).

There are exceptions to the hearsay rule. We regard certain out-of-court statements as inherently reliable, and we permit those statements to be admitted into evidence despite the hearsay rule of exclusion. Legislative Commentary to OEC 803, *reprinted in* Laird C. Kirkpatrick, *Oregon Evidence* § 803.01[1], 777 (6th ed 2013). Business records have long been considered "inherently reliable," and an exception to the hearsay rule has long been carved out for such records:

> "The following are not excluded by [OEC 802], even though the declarant is available as a witness:
>
> "* * * * *
>
> "(6)    A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method of circumstances of preparation indicate lack of trustworthiness."

OEC 803(6).

The business records exception exists because, "despite being hearsay, documents prepared routinely to record a business's ordinary commercial activities carry a presumption of 'unusual reliability' incidental to carrying out the business's needs and obligations." *Morgan v. Valley Property and Casualty Ins. Co.*, 289 Or App 454, 460, 410 P3d 327 (2017), *adh'd to on recons*, 290 Or App 595, 415 P3d 1165, *rev den*, 363 Or 390 (2018); Legislative Commentary to OEC 803, *reprinted in* Kirkpatrick, *Oregon Evidence* § 803.06[2], 806; *Lepire v. MVD*, 47 Or App 67, 74, 613 P2d 1084 (1980). The "unusual reliability of business records, which makes them admissible, is variously ascribed to the regular entries and systematic checking which produce habits of precision, to actual reliance of the business upon them, and the duty of the record keeper to make an accurate record." Legislative Commentary to OEC 803, *reprinted in* Kirkpatrick, *Oregon Evidence* § 803.06[2] at 806.

As jurisprudence has developed over the course of time, statements contained within business records that were made by persons outside the business have been excluded as hearsay because the presumption of reliability that applies to business records does not apply to those third-party statements. *Morgan*, 289 Or App at 461. *Johnson v. Lutz*, 253 NY 124, 170 NE 517 (1930), in which the Court of Appeals of New York considered the admissibility of a police accident report under a business records exception analogous to OEC 803(6), is generally regarded as the lead case on this issue. *Morgan*, 289 Or App at 461. The report in *Johnson* contained hearsay statements from bystanders that had been voluntarily made to the police officer in the course of his accident investigation. *Johnson*, 253 NY at 127-28. In concluding that the hearsay statements were not admissible under the business records exception, that court explained that the purpose of the business records exception is to allow for the admission of certain records

> "without the necessity of calling as witnesses all of the persons who had any part in making it, provided the record was made as a part of the duty of the person making it, *or on information imparted by persons who were under a duty to impart such information*."

*Id*. at 128 (emphasis added). It excluded the statements at issue, noting that the business records exception

> "is not intended to permit the receipt in evidence of entries based upon voluntary hearsay statements made by third parties not engaged in the business or under any duty in relation thereto."

*Id*. Because the witnesses volunteered their statements to the police officer and were under no duty to do so accurately, those statements did not possess the indicia of reliability necessary for admission under the business records exception to hearsay. *Id*. at 129.

Oregon followed *Johnson* in *Snyder v. Portland Traction Company*, 182 Or 344, 351, 185 P2d 563 (1947), in which the Supreme Court affirmed the exclusion of a police report that recited voluntary statements made to the police officer who wrote the report. The Supreme Court again followed *Johnson* in *Miller v. Lillard*, 228 Or 202, 211-12, 364 P2d 766 (1961), a conversion case, to affirm the exclusion of a livestock officer's investigative report that, for the most part, described what others had voluntarily told him they had seen.

More recently, we referred to *Johnson* when we reversed the trial court's admission of a spreadsheet created by a freelance insurance adjustor because it contained information that was voluntarily provided to him by persons who were not under a duty to report that information to him. *Morgan*, 289 Or App at 467. *Morgan* was a first-party insurance coverage case that arose out of the insurer's denial of coverage for losses that arose out of a warehouse fire. *Id*. The spreadsheet in question was prepared by an adjustor retained by the insured plaintiff to document his losses. *Id*. at 456. In preparing the spreadsheet, the adjustor included items that the plaintiff had told him were lost in the fire, as well as the plaintiff's own estimates of value. *Id*. at 457. The trial court admitted the spreadsheet over the insurer's objection, and the plaintiff was awarded the full amount of damages he sought. *Id*. at 459. We reversed, explaining that the third-party information contained in the spreadsheet (*i.e.*, the insured plaintiff's statements about items lost and their value) lacked the indicia of reliability required by OEC

803(6). *Id.* at 466. The information was unreliable because the plaintiff was not under a legal duty to truthfully provide that information. *Id.* Although the insured plaintiff had a duty of good faith and fair dealing under the insurance contract, we concluded that the contractual duty did not render the insurance adjustor's report "unusually reliable" for the purposes of the business records exception. *Id.* (citing Kirkpatrick, *Oregon Evidence* § 803.06[2] at 806).

The "duty to report" requirement thus adhered to in Oregon is considered a requirement of the business records exception even though that language is not found in the text of OEC 803(6). *Id.* at 462. Where, as here, business records are offered through the testimony of one business's custodian of records and they include copies of another business's records, the other business's records are not entitled to the same presumption of reliability as those prepared directly by the business whose records are presented by its records custodian in court. That is because the proponent of the records is often unable to procure testimony regarding the third-party's business process and is, therefore, not able to independently establish the reliability of that process. *Id.* But, like "hearsay within hearsay," which is not excluded if "each part of the combined statements" fits within a proper hearsay exception, OEC 805, third-party business records contained within other business records satisfying OEC 803(6) may themselves be admitted if they are shown to possess comparable indicia of reliability or trustworthiness. *State v. Cain*, 260 Or App 626, 632, 320 P3d 600 (2014).

*Cain* is a criminal case in which the state charged the defendant with theft under ORS 164.055 when defendant obtained unemployment benefits by wrongfully failing to report earnings from his work at the Hilton Hotel (Hilton). *Id.* at 628. In support of its case, the state presented a report that it had created, which incorporated employee earning information submitted by the Hilton to the Oregon Employment Department (OED). *Id.* at 630. The Hilton had a duty to submit the information and to do so accurately under ORS 657.660(1), OAR 471-031-0005(1), and OAR 471-031-0085(1). *Id.* at 635. The trial court admitted the records as OED's business records, despite the fact that

they contained information submitted by the Hilton, a third party. *Id.* The defendant appealed his conviction, assigning error to the admission of the Hilton's statements within the state's report. *Id.* We affirmed,[1] explaining that the state satisfied its burden to establish the reliability of the third-party information within its report. *Id.* Distinguishing the facts from those present in *Johnson*, *Snyder*, and *Miller*, where we affirmed the exclusion of records that included third-party statements or information using the duty-to-report rule, we concluded in *Cain* that

> "the Hilton was not volunteering defendant's earnings information to the department, but rather was under a legal duty to provide the information and to do so accurately. Thus, the reports to the department possess the requisite indicia of reliability or trustworthiness required for admission under the business records exception."

*Id.* at 635-36.

In this case, defendant argues that Arrowood seeks to "expand the business records exception to give *cart blanche* admissibility to insurance companies." But, as we have just explained, it is already settled law in Oregon that records containing third-party statements or information may be admitted under OEC 803(6) so long as certain requirements are met. *Id.* at 633. Neither OEC 803(6) nor our case law grants "*cart blanche* admissibility" to any particular type of records offered as business records. There are foundational requirements for all records offered under OEC 803(6), including third-party records. In addition to meeting the express requirements of OEC 803(6) for business records, when a party seeks to introduce third-party records or information contained within its own business records, it must establish that (1) the third party had a duty to accurately record the information in the regular course of its business; (2) the third party had a duty to accurately report that information to the business whose records are being offered; and (3) the business whose records are being offered adopts and relies upon that third-party information in the regular course of its own business. *Id.*

---

[1] We remanded the case for resentencing on other grounds, but otherwise affirmed the judgment. *Cain*, 260 Or App at 639.

Applying that three-part test to this case, we conclude that the proof-of-loss records submitted by the insured lending institution to Arrowood are admissible under OEC 803(6). First, Discover Bank and Citibank each had a duty to accurately record the loan and payment information in the regular course of their businesses. *See* 31 CFR § 1020.410 (requiring accurate recordkeeping practices for banks); ORS 165.080 (prohibiting falsifying business records by making a false entry, deleting a true entry, or causing the omission of a true entry with the intent to defraud); ORS 165.007 (prohibiting the creation of a document with the intent to injure or defraud). Second, Discover Bank had a duty to accurately report defendant's loan and payment history to Arrowood when it made its insurance claim. *See* ORS 746.100 (prohibiting making false representations to obtain benefit from an insurer). Third, Arrowood established through McGough's sworn affidavit testimony that Arrowood adopted and relied on the proof-of-loss records in the regular course of its own business and, in particular, to process Discover Bank's insurance claim for the losses that arose from defendant's default.

This case is different than *Johnson*, *Snyder*, *Miller*, and *Morgan* because, here, (1) Discover Bank was legally obligated to provide accurate records to Arrowood when it made its insurance claim and (2) those records were created and maintained by Citibank and then Discover Bank in the course of their banking business when they had a legal duty to do so accurately. Further, (3) Arrowood established through McGough that it adopted those records as its own and relied upon them in the regular course of its business. The reliability of the third-party records was established, and the trial court did not err in concluding that they were admissible as business records under OEC 803(6).

Contrary to defendant's protestations, this application of the business records exception does not represent a change in Oregon law. The three-part test that we have articulated logically flows from our case law and from the principles behind the business records exception. The only arguable nuance is in the third prong of the test, which concerns the specific requirements for *authenticating* a document originating from a third-party source. However, the

authentication requirement not only reflects current Oregon law, it is also firmly rooted in current American jurisprudence on the issue.[2]

Defendant also argues that admitting third-party records under OEC 803(6) results in an "anti-evidence view of the 'business records' exception." We understand that argument to be that the lack of first-hand testimony about the third-parties' creation and maintenance of the records results in unreliable evidence being admitted. But, the reliability of the records in this context is established by evidence that Citibank and Discover Bank were statutorily obligated to accurately document and record defendant's

---

[2] As of the date of this publication:

1. Twenty-four states (Alabama, Arizona, California, Connecticut, Colorado, Delaware, Florida, Georgia, Hawaii, Indiana, Kentucky, Louisiana, Maine, Massachusetts, Montana, New Jersey, New York, North Dakota, Ohio, Pennsylvania, Rhode Island, South Carolina, Texas, Wyoming) have affirmatively articulated similar tests, *see, e.g.*, *Jenzack Partners, LLC v. Stoneridge Associates, LLC*, 334 Conn 374, 391, 222 A3d 950 (2020) ("If part of the data was provided by another business, as is often the case with loan records in connection with the purchase and sale of debt, the proponent does not have to lay a foundation concerning the preparation of the data it acquired but must simply show that these data became part of its own business record as part of a transaction in which the provider had a business duty to transmit accurate information.");

2. One state (Nebraska) has permitted third party business record authentication by statute, *see* Neb Rev Stat §§ 27-803(5)(b));

3. Three states (Idaho, Missouri, Wisconsin) have rejected our approach, *see, e.g.*, *CACH, LLC v. Askew*, 358 SW3d 58, 64 ( Mo 2012) (so rejecting);

4. Twenty-three states (Alaska, *Illinois*, *Iowa*, *Kansas*, *Maryland*, *Michigan*, Minnesota, Mississippi, *Nevada*, New Hampshire, *New Mexico*, North Carolina, Oklahoma, South Dakota, *Tennessee*, Utah, *Vermont*, Virginia, *Washington*, *West Virginia*) have not addressed the specific question, although many have case law suggesting favorable treatment of our three-part test (states indicating favorable treatment are in *italicized bold* type), *see, e.g.*, *Bavand v. OneWest Bank*, 196 Wash App 813, 826, 385 P3d 233 (2016) ("Reviewing courts broadly interpret 'custodian' and 'other qualified witness' [under the business records act]. The statute's purpose is to permit the admission in evidence of systematically entered records made in the usual course of business without the necessity of identifying, locating[,] and producing as witnesses each individual who made the original entries in the records. No particular mode or record form is required." (Citations and quotations omitted.)); and

5. All federal circuits that have addressed the issue (D.C., 1st, 2nd, 4th, 5th, 8th, 9th, 11th) have adopted similar tests, *see, e.g.*, *MRT Const. Inc. v. Hardrives, Inc.*, 158 F3d 478, 483 (9th Cir 1998).

loans and payment history, to accurately report that information to Arrowood when it made its insurance claim, and by evidence that Arrowood relies on and adopts those banking records in the ordinary course of its insurance business. That is sufficient under OEC 803(6). *See Lepire*, 47 Or App at 74 ("It is 'the character of the records and their earmarks of reliability *** acquired from their source and origin and the nature of their compilation,' *** that is the test of whether records are prepared in the 'regular course of business.'" (Quoting *Palmer v. Hoffman*, 318 US 109, 114, 63 S Ct 477, 87 L Ed 645 (1943).)).

Having concluded that the records are admissible, we next review the record in the light most favorable to the opposing party on each motion to determine whether any genuine issues of material fact remain and whether either moving party is entitled to judgment as a matter of law. ORCP 47 C. Arrowood would bear the burden of production and persuasion on its breach of contract claim at trial. No issue was raised by the summary judgment motions on which defendant would have had the burden of persuasion at trial. Thus, the burden of production does not shift. *Two Two v. Fujitec America, Inc.*, 355 Or 319, 324, 325 P3d 707 (2014).

The evidence before the trial court on the parties' summary judgment motions included the business records and authenticating affidavit already discussed. The records reflect that defendant took out three student loans from Citibank, Discover Bank purchased those loans, Arrowood insured Discover Bank's interest in those loans, defendant defaulted on his loan payments, and Arrowood paid Discover Bank's related insurance claim. Defendant did not offer evidence contradicting or denying the accuracy of the business records submitted by Arrowood. He argued instead that Arrowood failed to produce admissible evidence in support of its summary judgment motion and, because of that, the trial court should have denied Arrowood's motion and granted his. And, while defendant argued that the business records contained a discrepancy, specifically a reference in the affidavit to a promissory note that was not attached, his argument about the impact of the discrepancy goes to the weight of the evidence—not its admissibility, which we have already addressed.

Reviewing the relevant evidence and drawing reasonable inferences in the light most favorable to defendant, the record does not reveal the existence of a genuine issue of material fact. The records establish defendant's loans, payment history and default, insurance claim payments, and current ownership of the loans by Arrowood. Defendant's signature appears on the loan applications, and he has not offered evidence to suggest that those are not his signatures. The records show that defendant made loan payments on each of the loans for a significant period of time. Given the signatures and evidence of significant past performance, the absence of the promissory notes does not raise a genuine issue of material fact in this subrogation case. The trial court did not err in concluding that, on the record before it, no objectively reasonable juror could return a verdict for defendant. Arrowood is entitled to judgment as a matter of law.

The trial court did not err by admitting the business records at issue, and it did not err in denying defendant's summary judgment motion and granting plaintiff's summary judgment motion.

Affirmed.