Submitted July 16, affirmed October 21, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NATHAN MICHAEL HIXSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR53404; A169626

476 P3d 977

Defendant was convicted of possessing a loaded firearm under Portland City Code 14A.60.010 and unlawful possession of a firearm under ORS 166.250. He appeals from the judgment of conviction, assigning error to the trial court's admission of a photo of the firearm in which the label "CAUTION-CAPABLE OF FIRING WITH MAGAZINE REMOVED" printed on the side of the gun is visible. Defendant argues that the label is hearsay because the jury could have relied on it as proof of one of the elements of the offense—that the weapon was capable of expelling a projectile. *Held*: The photo was not hearsay because it was offered as relevant physical evidence that defendant had been in possession of a gun, rather than to prove the truth of what was asserted in the label. Any risk that the jury might have relied on the words printed on the gun for their truth is not material to the hearsay determination itself. Instead, the mechanisms by which defendant could have addressed that risk would have been to request a limiting instruction under OEC 105 or seek exclusion of the evidence under OEC 403.

Affirmed.

Monica M. Herranz, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals his judgment of conviction for possession of a loaded firearm, Portland City Code (PCC) 14A.60.010, and unlawful possession of a firearm, ORS 166.250. He raises a single issue on appeal: whether the admission of a photograph of the firearm that formed the basis of his firearm convictions was erroneous. According to defendant, that evidence of the gun should have been excluded because the manufacturer's words printed on its side amounted to impermissible hearsay and violated his right to confront witnesses. Because the photograph was offered and admitted as direct evidence of the existence of the gun and not for the truth of the matter asserted by the words printed on it, we affirm.

Defendant was stopped and arrested for reckless driving when a police officer observed him rapidly spinning his car in circles in proximity of several parked cars. After defendant was handcuffed, the officer asked if he had any weapons on his person, and defendant responded that he had a gun in his car. The officer located a loaded semi-automatic pistol in the center console. Defendant had a permit to carry a concealed weapon in Washington but not in Oregon. The state charged him with reckless driving, possession of a loaded firearm in public, and unlawful possession of a firearm.

At the trial, the state sought to introduce photographs of the gun that formed the basis of the firearms charges. Defendant objected to some of those photographs, arguing that the warning "CAUTION-CAPABLE OF FIRING WITH MAGAZINE REMOVED," printed on the side of the gun, was impermissible hearsay that violated his right to confront witnesses. According to defendant, the statute defines a "firearm" as "a weapon *** designed to expel a projectile," and therefore the words on the side of the gun would be used to prove that the gun was, in fact, capable of expelling a projectile. ORS 166.210(3). The state responded that it was not offering photographs of the gun to prove the truth of the words printed on it, but rather "to show to the jury that this is a firearm." The trial court overruled defendant's objection, concluding that the words are

"something that's on the gun. It's not offered for the truth of the matter asserted. They're just showing the weapon." The jury convicted defendant of both reckless driving and the firearm-related offenses.[1]

We review a trial court's decision to admit a statement over hearsay objections for legal error. *State v. Hartley*, 289 Or App 25, 29, 407 P3d 902 (2017). Defendant's argument boils down to this: Because the firearm contained words, admission of the photograph is governed by the rules of hearsay. We disagree.

The photograph of the gun was offered because it was relevant evidence of the existence of a gun. Such direct evidence is "not hearsay at all." *Morgan v. Valley Property and Casualty Ins. Co.*, 289 Or App 454, 464, 410 P3d 327 (2017), *adh'd to on recons*, 290 Or App 595, 415 P3d 1165 (2018). Any words printed on the gun were not hearsay because they were not being offered or admitted for their truth. Rather, any evidentiary value the words may have had arose from their location on the physical evidence. *See, e.g.*, *State v. Pulver*, 194 Or App 423, 428, 95 P3d 250 (2004) (recognizing that the contents of a price tag are not hearsay, but rather direct evidence of the asking price of an item); *see also United States v. Buchanan*, 604 F3d 517, 522 (8th Cir), *cert den*, 562 US 937 (2010) ("The officers' testimony that the safe contained the inscription '2010' is not hearsay * * * [because] the inscription was not offered 'to prove the truth of the matter asserted'—that the safe was, in fact, a 2010 model.").

Defendant's concern that the jury could rely on those words to conclude that the gun can be fired does not convert the imprint on the gun into hearsay. The risk that a jury will draw improper conclusions "is not material to the hearsay determination itself." *State v. Bement*, 363 Or 760, 768, 429 P3d 715 (2018); *State v. Mayfield*, 302 Or 631, 641, 733 P2d 438 (1987) (nonhearsay statements are not "converted from non-hearsay to hearsay" because of a risk that the jury might use the statements for an improper hearsay purpose). The mechanism to address that risk is for the court

---

[1] Defendant does not challenge his conviction for reckless driving.

to provide a limiting instruction to the jury under OEC 105 or, if necessary, exclude part or all of the evidence as more prejudicial than probative under OEC 403. *See Bement*, 363 Or at 768-69.

In sum, evidence is not hearsay if it is not offered for the truth of the matter asserted. Relevant physical evidence like a firearm is not hearsay simply because words are stamped on its side.

Affirmed.