Submitted January 29; convictions on Counts 3 and 4 reversed and remanded, remanded for resentencing, otherwise affirmed March 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TEVIS DANIEL STEVEN WILSON,
*Defendant-Appellant.*

Washington County Circuit Court
18CR33906; A170073

483 P3d 58

Janelle F. Wipper, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Convictions on Counts 3 and 4 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

In this criminal appeal, defendant was found guilty by a nonunanimous jury verdict of felony strangulation constituting domestic violence, ORS 163.187(4) (Count 3), and felony fourth-degree assault constituting domestic violence, ORS 163.160(3) (Count 4). Defendant was also found guilty by a unanimous jury verdict of interference with making a report, ORS 165.572 (Count 5).[1] The trial court imposed $650 in court-appointed attorney fees. In defendant's first assignment of error, he asserts that it was plain error for the trial court to fail to instruct the jury that it must concur on which factual occurrence constituted fourth-degree assault (Count 4). In defendant's second, third, and fourth assignments of error, he asserts that it was plain error to instruct the jury that it need not reach a unanimous verdict and to accept nonunanimous guilty verdicts for Counts 3 and 4. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that it was error, under the Sixth Amendment to the United States Constitution, to instruct the jury that it could return a nonunanimous verdict). In defendant's fifth assignment of error, he asserts that it was error for the court to impose $650 in attorney fees because the record lacked sufficient evidence that he had the ability to pay the fees. ORS 151.505(3); ORS 161.665(4).

To begin, it was plain error for the trial court to instruct the jury that it could return a nonunanimous verdict and to accept nonunanimous guilty verdicts for Counts 3 and 4. *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020). For the reasons that the Supreme Court explained in *Ulery*, we conclude that it is appropriate to exercise our discretion to correct the error. *Id*. at 504. Consequently, we reverse and remand Counts 3 and 4.[2] That obviates the need for us to address defendant's concurrence-instruction argument as to Count 4. In addition, because we are remanding for

---

[1] Defendant was found not guilty on Counts 1 and 2.

[2] We understand defendant to challenge nonunanimous verdicts concerning Counts 3 and 4. However, to the extent that defendant argues that it was structural error for the court to instruct the jury that it could return a nonunanimous verdict on Count 5, for which the jury was unanimous in finding defendant guilty, we reject that argument for the reasons that the Supreme Court explained in *State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020).

resentencing, we need not address defendant's argument concerning the imposition of court-appointed attorney fees.

Convictions on Counts 3 and 4 reversed and remanded; remanded for resentencing; otherwise affirmed.