Argued and submitted July 16, 2020, affirmed June 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DIONNE MECHELE DILLARD,
*Defendant-Appellant.*

Curry County Circuit Court
18CR34644; A168932

490 P3d 176

Defendant was involved in taking merchandise from a Fred Meyer store without paying for it. A jury returned a verdict of guilty for first-degree theft for taking property with an aggregate value of "$1,000 or more," ORS 164.055(1)(a). On appeal, defendant contends that the evidence is insufficient to support a finding that the property she took had a value of $1,000 or more because some of the stolen items could have been on sale when she took them. She argues that the trial court should have granted her motion for judgment of acquittal on that basis. Defendant also assigns plain error to the court's failure to issue a curative instruction or declare a mistrial in response to part of the prosecutor's closing argument. *Held*: The trial court did not err. It was properly a jury question whether the aggregate base price of the stolen items was the price that those items could have been sold for at the time that they were taken. As for the prosecutor's closing argument, any error was not obvious.

Affirmed.

Cynthia Lynnae Beaman, Judge.

John Evans, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Daniel Norris, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Affirmed.

## LAGESEN, P. J.

Defendant was involved in taking a large amount of property from a Fred Meyer store without paying for it. That conduct resulted in her conviction, by a jury, for first-degree theft for taking property with an aggregate value of "$1,000 or more," ORS 164.055(1)(a). On appeal, she contends that the evidence is insufficient to support a finding that the property she took had a value of $1,000 or more and that the trial court should have granted her motion for judgment of acquittal on that basis. She also contends that the court plainly erred by not remedying allegedly improper argument by the prosecutor with a curative instruction or mistrial and by instructing the jury that it could return a nonunanimous verdict. We affirm.

*Motion for judgment of acquittal.* We review a trial court's "denial of a motion for a judgment of acquittal for legal error, and we consider the facts in the light most favorable to the state and draw all reasonable inferences in the state's favor." *State v. Payne*, 310 Or App 672, 674, 487 P3d 413 (2021). Here, defendant contends that she was entitled to judgment of acquittal because, in her view, the evidence was not sufficient to support a finding that the value of the property she took was $1,000 or more.

To prove that defendant committed first-degree theft as charged in this case, the state had to prove that the value of the property taken from Fred Meyer was "$1,000 or more." ORS 164.055(1)(a). Value, for purposes of ORS 164.055(1)(a), means "the market value of the property at the time and place of the crime, or if such cannot reasonably be ascertained, the cost of replacement of the property within a reasonable time after the crime." ORS 164.115(1). Market value, in turn, "is the price at which the property could have been sold at the time and place it was stolen." *State v. Slater*, 310 Or App 746, 754, 487 P3d 59 (2021). In the case of merchandise stolen from a retailer, market value may be proved by evidence of the price at which the retailer offered to sell the merchandise. *State v. Pulver*, 194 Or App 423, 428, 95 P3d 250, *rev den*, 337 Or 669 (2004). That is because such evidence tends to show the value of the merchandise "in trade." *Id.* at 427.

To prove market value in this case, the state called the store's asset protection specialist, Meccia. Meccia testified that, after the store's property was recovered from defendant, he "returned to the asset protection office with the merchandise we were able to identify to come up with a valuation." He did so, in general,[1] by scanning the universal price codes on the items that defendant had taken to identify the current prices for those items:

> "Basically *** in the asset protection office we have a computer terminal that has a scan gun, a laser scan gun, that we can scan a UPC, universal price code, and it will pull up the base price for that item for that day, for that week, whenever they update the prices."

The prices identified through this process were the "standard code price[s]." If the price for an item was discounted, the discounted price would "[n]ot necessarily" pop up. For example, if a coupon was available, the coupon price would not pop up "because we're not using a coupon." Through that process, Meccia determined that the prices of the various items taken added up to $1,002.96.

Pointing to Meccia's testimony that his process would "[n]ot necessarily" pull up discounted prices for the items, defendant contends that the state's evidence is insufficient to support a finding of the market value of the items taken. In defendant's view, the state had to prove what each item was actually priced on the date of defendant's crime, something that required proof that each item was priced at the standard price on the date of the theft and not discounted.

That is not the standard. What the state must prove "is the price at which the property *could have been sold* at the time and place it was stolen." *Slater*, 310 Or App at 754 (emphasis added); *State v. Callaghan*, 33 Or App 49, 58, 576 P2d 14, *rev den*, 284 Or 1 (1978) (to prove market value of stolen merchandise for purpose of theft statutes, state must prove "the price at which they would probably have been sold in the regular course of business at the time when and place

---

[1] Defendant took one item that was not for sale; Meccia used a different methodology for that item. Defendant does not suggest that that fact has any bearing on this appeal.

where they were stolen" (internal quotation marks omitted)). Here the evidence presented by the state of the standard prices for the stolen merchandise at the time of the theft is legally sufficient to make that showing. An "item's price provides *prima facie* proof of its value \*\*\* because the asking price is itself a basis from which to determine its value in trade." *Pulver*, 194 Or App at 427. That certain items may or may not have been temporarily discounted at the time of a theft does not change that. That is because, even accepting the possibility of a temporary discount, it would not be unreasonable for a factfinder to infer that an item could have been sold, and probably would have been sold, at its regular price, such that the regular price represents the item's value in trade.

Of course, as defendant ultimately did here, a defendant can urge a jury to have doubt about a *prima facie* case on the ground that the items stolen may or may not have been available at discount, and, in the face of such an argument, a jury might well have reasonable doubt about whether to find that the regular prices represent what the items could have been sold for. But a reasonable jury could also conclude, based on evidence of the items' usual prices, that those were the prices that the items probably would have sold for in the usual course of business. In other words, how much weight to give the evidence of the items' base prices on the date of the theft, in the absence of evidence of what temporary discounts may or may not have been in effect, was the province of the jury; a jury could reasonably find those prices indicative of value or reasonably reject them as indicative of value. Consequently, the trial court correctly concluded that the evidence of value presented by the state was sufficient to raise a jury question on that point and properly denied defendant's motion for judgment of acquittal.

*Closing argument.* In her second assignment of error, which is not preserved, defendant contends that the trial court plainly erred when it did not *sua sponte* declare a mistrial or take other curative action in response to the prosecutor's argument on rebuttal that there was "no testimony that any of [the stolen] items were on sale, so I don't think that really matters." Defendant contends that that rebuttal argument, which responded to defendant's argument that

the jury should doubt the valuation because it did not necessarily take into account discounts or sale prices, improperly stated the law and shifted the burden of proof to defendant, requiring the trial court to intervene absent an objection from defendant.

"For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Having reviewed the prosecutor's argument in context, it is not obvious to us that the argument exceeded the scope of appropriate rebuttal or had the effect of misstating the burden of proof. We therefore reject defendant's contention that the trial court plainly erred in its handling of the prosecutor's argument.

*Nonunanimous jury instruction.* Finally, defendant assigns as plain error the trial court's instruction to the jury that it could convict by a 10-2 verdict. The jury was not polled. Although the trial court's instruction was erroneous, we decline to exercise our discretion to correct it for reasons similar to those stated in *State v. Dilallo*, 367 Or 340, 346-48, 478 P3d 509 (2020).

Affirmed.