No. 863          November 27, 2024          499

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON LEE STEVENS,
*Defendant-Appellant.*

Deschutes County Circuit Court
21CR39033; A181590

Raymond D. Crutchley, Judge.

Submitted October 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant challenges his conviction for second-degree criminal trespass, ORS 164.245,[1] asserting that the trial court erred when it excluded testimony pertaining to defendant's defense to that charge. Reviewing the trial court's evidentiary ruling for errors of law, *State v. Hixson*, 307 Or App 333, 335, 476 P3d 977 (2020), we affirm.

Defendant was "trespassed off" the victim's property; he was charged with criminal trespass after returning a few weeks later. In his defense, defendant asserted "that he entered [the victim]'s property because he intended to exercise his constitutional right to petition the government by serving a public-records request on [the victim], who was the chairman of a special road district and stored records at his home." Defendant sought to introduce testimony from the Deschutes County Sheriff regarding information that the Sheriff had "obtained *** from the [S]ecretary of [S]tate that *** [the] normal process for record requests would be to contact the registered agent at the registered address." The state moved to exclude that testimony, and the trial court granted that motion, ruling that the Sheriff's testimony was inadmissible hearsay.

Hearsay evidence—*i.e.*, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"—is generally not admissible for trial. OEC 801; OEC 802.

Here, defendant contends that the Sheriff's testimony was not hearsay, because it was offered for a purpose other than the truth of the matter asserted; specifically, that the testimony was offered to show "how members of the public were told to request documents from [a government body] *** regardless of whether the publicly available information was accurate." However, there is no evidence that defendant himself was aware of the Secretary of State's advice about how to request records at the time of the incident; thus, the

---

[1] ORS 164.245(1) provides:

"A person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully in a motor vehicle or in or upon premises."

record does not support the relevance of the evidence for that purported non-hearsay purpose.

Further, to the extent that the evidence was offered for the purpose of corroborating defendant's defense by demonstrating the proper way to request documents from a government body, that would be a hearsay purpose, and the trial court did not err in excluding the evidence on that basis.

Accordingly, we conclude that the trial court properly excluded the Sheriff's testimony.

Affirmed.